UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTOPHER SHAND,
    Plaintiff,

v.                                            Case No. 3:24-CV-570(OAW)

RUBEN BURGOS, et al.,
    Defendants.

## INITIAL REVIEW ORDER

Plaintiff, who is self-represented, bring this action under 48 U.S.C. § 1983 alleging civil rights violations against several employees of the Department of Corrections ("DOC"). The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a government officer or employee. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b). The court has thoroughly reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein. The court's conclusions follow.

**I.**    **FACTUAL BACKGROUND**

The court does not set forth in detail all of the facts alleged in the complaint, but rather summarizes those allegations for context. For the purpose of initial review, the court takes all allegations in the complaint as true.

The relevant events took place when Plaintiff was incarcerated at Bridgeport Correctional Center ("Bridgeport"). He alleges that on the morning of February 20, 2024, when he was brought to the admitting and processing room before being transported to court that day, he and Defendant Ballard, a corrections officer, got into a verbal altercation that began when Plaintiff wished to deliver a letter to the medical unit, and culminated in Defendant Ballard assaulting the plaintiff in a holding cell, including digitally penetrating the plaintiff's anus. Defendants Garland, Solynor, Massaro, Escobar, Gilliard, Pisano, and the four John Doe defendants (also corrections officers) all stood and watched the assault without attempting to intervene. Plaintiff asserts he sustained swelling to his face (with his left eye being swollen shut), a "busted" mouth, and lacerations above both eyes.

After the beating, Plaintiff asked to speak with medical staff and a supervisor. Defendant Ballard asked if he was refusing to go to court, which Plaintiff answered in the negative. But he reiterated that he needed to speak to medical staff and a supervisor, which request Defendant Ballard ignored.

Plaintiff changed his clothes, in pain and discomfort,[1] and then told Defendant Solynor that he wanted to speak to a supervisor and see medical, and also go to court. Defendant Solynor responded that Plaintiff could go to court or refuse to go to court, but he was not going to speak to any supervisor or see any medical staff. Plaintiff protested, but ultimately went to his court appearance. When Plaintiff returned to Bridgeport, Defendant Ballard had issued him a disciplinary citation, allegedly to cover up the assault.

---

[1] Plaintiff apparently had preexisting maladies, including vascular issues from having been on a hunger strike. It is unclear how much of his pain and discomfort was directly attributable to the beating.

Plaintiff has complained about the assault to Defendants Vedura, Finnusan, Parnishol, Bonaventure, Linen, and Burgos. None of these defendants investigated the incident even though they were aware that this conduct happens in the admitting and processing room. Plaintiff asserts that Defendant Ballard has been telling other inmates and corrections officers about what he did to Plaintiff, but has threatened to assault him again if Plaintiff attempted to aggrieve the assault.

Plaintiff asserts that this conduct is not unusual for Defendant Ballard, and moreover, that the administration knows that this conduct is not unusual for these defendants. He alleges that Defendants Burgos, Bonaventure, Linen, Vedura, Finnucan, and Parnishol have a policy of condoning this conduct.

## II.  **DISCUSSION**

"Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Plaintiff asserts an Eighth Amendment excessive force claim against Defendant Ballard and a failure to intervene claim against Defendants Garland, Solynor, Massaro, Escobar, Gilliard, Pisano, and the four Doe defendants. For denying him medical attention after the assault, he asserts an Eighth Amendment deliberate indifference claim against Defendant Solynor, and (construing the complaint in the manner most favorable to this pro se litigant) against Defendant Ballard. He also asserts a deliberate indifference claim and a failure to train claim against Defendants Burgos, Bonaventure, Linen, Vedura,

3

Finnucan, and Parnishol for allegedly knowing that inmates in Bridgeport are subjected to excessive force regularly, but taking no measures to address the behavior. He also asserts claims of assault and battery and intentional infliction of emotional distress, apparently against all the defendants, pursuant to Connecticut state law.

### A. Excessive Force

An Eighth Amendment excessive force claim comprises both a subjective and an objective element. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). In order to satisfy the subjective element, Plaintiff must show that the force employed was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously or sadistically to cause harm." *Id.* at 21. As for the objective element, Plaintiff must show that the harm done was so objectively serious as to violate Plaintiff's constitutional right to be free from it. *Id.*

Plaintiff asserts that he was unarmed and noncombative when Defendant Ballard digitally penetrated his anus and beat him until he was swollen and bleeding in his face, without any penological objective and apparently as retaliation for some comments Plaintiff made. For purposes of initial review, the court finds that Plaintiff's description of the alleged assault adequately pleads both elements. This claim will proceed for further development.

### B. Failure to Intervene

"A [corrections] officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." *Figueroa v. Mazza*,

825 F.3d 89, 106 (2d Cir. 2016). In that failure, the officer has become a "tacit collaborator" in the illegal activity and thus may be held liable for his conduct. However, an officer may not be held liable unless he had a "realistic opportunity to intervene to prevent the harm from occurring." *Ekukpe v. Santiago*, 823 F. App'x 25, 32 (2d Cir. 2020) (quoting *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

Here, Plaintiff asserts that his beating lasted 10–15 minutes, and that Defendants Garland, Solynor, Massaro, Escobar, Gilliard, Pisano, and the four Doe defendants all stood watching the assault occur for that entire period. Ten minutes certainly is adequate time to intervene. Thus, the concludes that these allegations are adequate to carry Plaintiff's failure to intervene claim past initial review.

### C. Deliberate Indifference to a Serious Medical Need

The Eighth Amendment protects prisoners from the unnecessary infliction of pain, which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff's claim must satisfy both an objective and a subjective element. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). First, the alleged deprivation must be objectively serious. *Id.* Second, the charged official must act with a sufficiently culpable state of mind." *Id.*

To determine whether the objective prong is satisfied, courts will look to factors such as whether "a reasonable doctor or patient would find [it] important and worthy of comment or treatment," whether the condition "significantly affects an individual's daily activities," and whether it causes "chronic and substantial pain." *Chance v. Armstrong*,

5

143 F.3d 698, 702 (2d Cir. 1998) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992)).  Moreover, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate."  *Helling v. McKinney*, 509 U.S. 25, 36 (1993). To satisfy the subjective prong, it must be alleged that a defendant actually was aware of a substantial risk that Plaintiff would suffer serious harm due to such defendant's actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

According to the complaint, Defendant Ballard left Plaintiff with his face badly swollen, a "busted" mouth, and lacerations above his eyes, but he ignored Plaintiff's request to see medical staff.  Plaintiff asserts that shortly after Defendant Ballard ignored the request, he also asked Defendant Solynor for medical attention, but Defendant Solynor directly refused the request.

The court finds that these allegations are sufficient to support a claim for deliberate indifference to a serious medical need against Defendants Solynor and Ballard.  The injuries Plaintiff describes likely would concern a medical professional, particularly as the swelling could indicate that Plaintiff was beaten with sufficient force to cause an internal head injury.  Knowing the beating Plaintiff just received, and seeing the visible injuries sustained therefrom, the court finds that a reasonable person would recognize the potentially serious risk to Plaintiff's health.  Accordingly, the court will allow this claim, too, to proceed past initial review.

### D. <u>Deliberate Indifference to Risk of Harm</u>

Plaintiff asserts that Defendants Burgos, Bonaventure, Linen, Vedura, Finnucan, and Parnishol exhibited deliberate indifference to a risk that he will be harmed by

6

correctional officers because they have a practice or policy condoning excessive force.

In order to state a claim for deliberate indifference to a risk of harm, Plaintiff must show "'that [he] is incarcerated under conditions posing a substantial risk of serious harm,' and (2) that the prison official had a 'sufficiently culpable state of mind,' which in 'prison-conditions cases' is 'one of deliberate indifference to inmate health or safety.'"  *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Here, too, the standard encompasses both an objective and a subjective element. *Id.*  Again, the alleged deprivation must be objectively serious.  *Id.*  And to satisfy the subjective element, Plaintiff must allege facts sufficient to show that these officials knew of the risk and disregarded it.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*  (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)) (internal quotation marks omitted).

The court notes that the complaint is unclear as to the frequency or ferocity with which correctional officers allegedly have been using excessive force.  Even assuming without deciding that any use of excessive force could satisfy the objective element, absent any indication that any of the defendants ought to have known of the risk thereof, the subjective element is not met.  Plaintiff states only in conclusory terms that officers are prone to using excessive force, and that supervisory officials know this but ignore it. Conclusory allegations are insufficient to carry a claim past initial review.  Accordingly, and deliberate indifference claim as to Defendants Burgos, Bonaventure, Linen, Vedura, Finnucan, and Parnishol must be dismissed.

7

**E. <u>Failure to Train</u>**

In order to impute supervisory liability to Defendants Burgos, Bonaventure, Linen, Vedura, Finnucan, and Parnishol for the harm he experienced at the hands of Defendant Ballars, he must show some direct personal involvement. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). This may be accomplished by showing that these defendants "created or continued 'a policy or custom under which unconstitutional practices occurred,'" or that they were "'grossly negligent in managing subordinates who caused the unlawful condition or event,'" or that they "demonstrate[d] 'gross negligence' or 'deliberate indifference' to the constitutional rights of inmates by failing to act on information indicating that unconstitutional practices are taking place." *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 359 (S.D.N.Y. 2010) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)).

Again, though Plaintiff's allegations fall short of satisfying this standard. He baldly states that these defendants had a policy of allowing officers to use excessive force, and that they knew that officers used excessive force, but there are no facts asserted to support the conclusion. The only assault he reported to them was his own at the hands of Defendant Ballard, and there are no facts to support his contention that they know that excessive force occurs regularly. Indeed, as noted above, it is not even clear how often excessive force is used. Accordingly, there are insufficient facts to state any claim against

8

Defendants Burgos, Bonaventure, Linen, Vedura, Finnucan, and Parnishol, and they must be dismissed from the action.

### III.    ORDERS

Given the age of this action, and the fact that Plaintiff already has a separate case before the undersigned which currently is referred to United States Magistrate Judge Robert A. Richardson (*Shand v. Butricks, et al* , Case No. 3:22-cv-227 (OAW)), the court will proceed as follows:

(1) As Plaintiff has paid the filing fee to commence this action, he hereby is directed to effect service of process on Defendants Ballard, Garland, Solynor, Massaro, Escobar, Gilliard, Pisano, and the four Doe defendants. Plaintiff is instructed to use discovery to identify the Doe defendants and to file a notice on the docket with their names.

(2) The court hereby refers this case to Judge Richardson for settlement discussions, and defers setting any other schedule pending the outcome of those discussions.

(3) **Change of Address**. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change

of address.  Plaintiff also should notify Defendants or counsel for Defendants of his new address.

**IT IS SO ORDERED** at Hartford, Connecticut, this 20th day of May, 2025.

/s/
Omar A. Williams
United States District Judge